PUTNAM v. BROOKER et al.

(Circuit Court, S. D. New York. August 31, 1895.)

PATENTS—INFRINGEMENT—BOTTLE STOPPERS.

The Morhous patent, No. 377,043, for an improvement in wire bail bottle-stopping devices, if patentable at all, must be strictly confined to the device described in the specifications and shown in the drawings, and

is not entitled to the broad doctrine of equivalents. *Held*, therefore, that it was not infringed.

This was a bill in equity by Henry W. Putnam against Smith A. Brooker and others for alleged infringement of a patent.

Arthur v. Briesen, for complainant.

Stephen H. Olin, for defendants.

TOWNSEND, District Judge. This is a final hearing on the ordinary bill praying for an injunction and accounting by reason of the alleged infringement of patent No. 377,043, granted, January 3, 1888, to Frederick P. Morhous, and assigned to complainant. An application for a preliminary injunction was denied.

This patent is for an improvement in the class of bottle-stopper devices which are attached by means of wire bails to the necks of bottles, and so arranged with a hinged stopper that the mouth of the bottle may be quickly and securely closed and easily opened. The prior art was so crowded with minor improvements upon the original device that there was scarcely standing room for invention when this patentee entered the field. A consideration of what he found therein and of what he did, and of defendants' construction, shows that he is in this dilemma: either his patent is void, or defendants do not infringe. In several of the earlier devices the stoppers both slid longitudinally upon, and rotated freely about, the bail. In patent No. 275,101, granted, April 3, 1883, to Abram V. Whiteman, while the cover rotated freely, longitudinal movement was prevented by so confining the horizontal part of the bail within the flat surface of the cover that the edges of the cover pressed against the vertical sides of the bail. Objection having been taken to the introduction of evidence as to this patent, on the ground that it was not set up in the answer, the consideration thereof has been confined to its bearing upon the state of the prior art. The patentee of the patent in suit accomplished the same result by so bending the upper part of the bail that it fitted and revolved in a hollow space, formed by a recess in the center of the stopper or cover and an elevated cap piece secured to the stopper. But, on the same day on which he took out said patent, he also took out patent No. 377,042 for a bottle stopper having the same bent bail confined in a recess in the center of the stopper, the only material difference being that, in this earlier patent, the metal portion of the stopper was first rigidly cast upon the bent bail, and the bail was then turned, as the patentee says, so as to permit slight oscillatory motion, but not complete revolution. It does not appear that it might not be further turned, so as to permit complete revolution, as in the device of the patent in suit, or that it would not naturally wear into infringement thereof in practical use.

The defendants' device operates upon the same principle as that of complainant. It has a bail similarly bent, and preventing longitudinal movement by the contact of the upwardly extending sides of the bend in the bail with a cap piece secured to the stopper.

But it has neither the recess in the stopper nor the cavity in the cap specifically illustrated, described, and claimed in the patent in suit. The means for preventing longitudinal movement is as much like that shown in said Whiteman patent as that of the patent in suit. It is practically the same as that used from time immemorial to confine the handle of the ordinary tin pail. The only feature of novelty in the patent in suit is the specific means for securing an old result, and which the patentee claimed as follows:

"1. In a bottle stopper, the combination of the bail, B, having bend or enlargement, e, stopper, E, having recess, g, for the reception of the bend or enlargement, e, and a cap, F, for holding the stopper on the bail, and permitting its rotation thereon, substantially as described.

"2. In a bottle stopper, the combination of the bail, B, having bend or enlargement, e, stopper, E, having recess, g, and cap, F, having cavity, h, over the recess, g, said cap being secured on the stopper, substantially as described."

It is at least extremely doubtful whether there is any patentable novelty in the patent in suit. But in any event, in view of said Whiteman patent and the prior Morhous patent, and the general art as shown in the pail-handle construction, this patent is of such a character that the broad doctrine of mechanical equivalents cannot be invoked in its behalf. The very elements relied on to show patentable novelty are the ones omitted from the device used by the defendants. The patentee must be strictly confined to the self-imposed limitations of the device described in his specifications, shown in his drawings, and covered by his claims. "If, however, the patent could be sustained at all, it would have to be restricted and confined to the specific combination described in the second claim, as indicated by the letters of reference in the drawings, and each element specifically pointed out is an essential part thereof. * * * If any validity could be conceded to the patent, the limitation and restriction which would have to be placed upon it by the action of the patent office, and in view of the prior art, would narrow the claim, or confine it to the specific structure therein described, and, as thus narrowed, there could be no infringement on the part of appellants if a single element of the patentee's combination is left out of the appellants' device." Knapp v. Morss, 150 U. S. 221, 228, 14 Sup. Ct. 81.

It is unnecessary to consider the other questions raised. The admissions of this defendant, who is not the manufacturer, but is only a user of the stopper complained of, should not be permitted to affect the rights of the public upon the question of patentable novelty. Let the bill be dismissed.